By the Court.
This case was in this court a short while since, and was then disposed of in connection with the case of Haviland v. Columbus, 50 Ohio St., 471. Having been remanded to the circuit court for further proceeding’s, it appears from the record since made, that an answer was filed in which it is admitted that an assessment has been made on the property of the plaintiff to meet the bonds issued in payment of the cost of the improvement; the action having’ been brought to enjoin this assessment on the ground that the act under which it was made is invalid, and that the assessment exceeds any and all benefits to the property and is in excess of its actual value and its value as assessed for' taxation. The answer then states that the assessment was made by the 'front foot, and upon the property of the plaintiff for the number of its front feet upon the improvement. The ease was heard and submitted to the court upon the pleadings and an ag’reed statement of the facts, which by a bill of exceptions is made a part of the record. The court on consideration dismissed the petition. Whereupon t£ie plaintiff again brought the case into this court, claiming that the judgment upon the agreed statement of facts, is erroneous • and should be reversed. Prom the statement it appears that it was ag’reed:
“1. That said plaintiff’s lot at the date of said improvement was vacant, and when platted had 371 feet on Mound street, 371 feet on the alley in the rear, and 150 feet on Champion avenue.
*319 “2. That after the making of said improvement, the plaintiff, erected two houses on the rear end of said lot next to the alley, one occupying 36.25 feet and the other 33.25 feet, and each, fronting on Champion avenue, leaving 80.50 feet of the' said lot on Champion avenue vacant.
“It is also agreed that if said plaintiff were called, he would testify that he does not intend to erect upon said lot any more buildings facing Champion avenue. ’ ’ The assessment on the lot is for its entire length on Champion avenue, 150 feet, at the rate of $4.2762 per foot. This is erroneous. The assessment should be made with reference to the front of the property at the time the improvement was made, and not with reference to any subsequent changes. The agreed statement, taken in connection with a- plat made part of. the bill of exceptions, shows that, at the time the improvement was made, the • lot lay lengthwise on Champion avenue, and fronted 37i feet on Mound street. So that, under. the construction given the statute, regulating assessments by the front foot, in Haviland’s case, it should, for the purpose of an assessment on Champion avenue, have been deemed as turned, so as to front as many feet on the improvement, as it in fact fronts on Mound street, and no more.
The judgment of the circuit court must therefore be reversed, and the assessment made on the lot of the plaintiff set aside, and an assessment made for the number of 37i feet, at the rate fixed by the ordinance, $4.2762 per foot.

Judgment accordingly.